## WOMAN CUSTOMER INJURED IN DEFENDANT'S STORE.

Circuit Court of Cuyahoga County.

THE M. O'NEIL & CO. v. MARY PERRY.

Decided, October 11, 1909.

*Personal Injuries—Negligence—Married Woman Whose Husband Has Deserted Her May Recover for Loss of Own Services.*

In an action for damages resulting from personal injuries, a married woman, whose husband has deserted her, may recover for loss of her own services.

*Musser, Kimber & Huffman,* for plaintiff in error.
*Skiles, Green & Skiles* and *W. R. Talbot,* contra.

HENRY, J.; WINCH, J.. and MARVIN, J., concur.

Mrs. Perry while a customer in defendant's store, stepped into an opening in the floor in one of the corridors and sustained injuries to her ankle. The hole was open for the purpose of putting in a water pipe for a sprinkling system in the store. Mrs. Perry recovered a verdict and judgment of $3,000 in the court below. She claims that the hole was not properly barricaded and that the place was poorly lighted. Much evidence both ways on these points was produced below, and there are some inconsistencies in Mrs. Perry's own testimony, but we can not say that the weight of the evidence is manifestly inconsistent with the jury's verdict, in regard either to the company's alleged negligence or the alleged want of care on the part of the plaintiff below. Her view of the hole, even in the place where sufficiently lighted, seems to have been so obstructed by the presence of some other woman, also a customer in the store, that we can not say she would have observed it by the proper use of her senses. So, too, while there may have been some barricade before the hole, she appears to have walked into it, not directly, but by reason of changing her direction in response to somebody's call and suggestion as to where she might find the elevator which she was seeking.

It is also claimed that the jury's verdict is contrary to the weight of the evidence in respect of the issue made by the pleadings as to the validity of a certain release of liability signed by Mrs. Perry.   She is unable to read and write, except to the ex tent of signing her own name.   She declares that the release was not properly read to her, but that only the first words thereof, which recited the receipt by her of money from the plaintiff in error were read.   Whatever doubts we may have about the truth of her testimony in this regard, we are not warranted by the direct conflict of evidence on this point in saying that the jury's finding is plainly and manifestly wrong.

The only remaining assignment of error relates to the measure of damages.   It is said that the plaintiff was allowed to prove and to recover for the loss of her own services, etc., which in law belonged exclusively to her husband.   But the truth is, as shown by her testimony, that her husband deserted her about two months after the accident, and it is admitted that the amounts paid her from time to time before suit was brought were intended to and did pay the wages of a servant whom she employed during that period ·to render those services in so far as they could form an element of her recovery in this action, and we must presume that the jury has not allowed a second compensation for the same loss of service.   The husband by his desertion clearly forfeited whatever rights in this behalf he might have had, covering the period that has since elapsed.   The court's charge is not open to the criticism that he expressly instructed the jury that Mrs. Perry might recover ·for loss of service, and as for the evidence in that behalf which was admitted, we think the jury could not have failed to gauge it correctly when all the facts were considered together.   There was no error in this particular.

Neither is the verdict so clearly excessive as to evince passion or prejudice on the part of the jury.   It is true that a former jury awarded only about one-quarter of the amount allowed by this one, but in the meantime the effects of Mrs. Perry's injuries have persisted and it appears from the testimony of the physicians that they are likely to be permanent.

The judgment below is affirmed.